Filed 8/14/15  P. v. Yanez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JOSE R. YANEZ,<br><br>      Defendant and Appellant. | B259266<br><br>(Los Angeles County<br>Super. Ct. No. GA089267) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stan Blumenfeld, Judge.  Affirmed.

Jose R. Yanez, in pro. per.; and Tracy J. Dressner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## BACKGROUND

On four occasions between 2004 and 2007, appellant Jose R. Yanez sexually molested H.L., his live-in girlfriend's daughter, beginning when she was eight years old. H.L. reported the abuse in 2013, shortly after her 18th birthday. When she accused Yanez of the abuse during pretextual telephone calls recorded by police, he repeatedly apologized, said he had to account to god for his actions, and wished he could take it all back. When she asked him why he had molested her, he said he felt like she had cared for him.

Yanez was charged with committing a lewd or lascivious act with a child under the age of 14 (Pen. Code, § 288, subd. (a)),[1] aggravated sexual assault of a child (§ 269), attempted sodomy by force (§§ 286, subd. (c)(2), 664), and oral copulation with a child (§ 288a, subd. (c)(1)). At trial, H.L. testified she waited years to report the abuse because Yanez had told her he would hurt her mother if she reported him. Yanez testified he knew police were listening in on the pretextual telephone calls with H.L., but he carried on with the conversation because it seemed his only road to reuniting with his daughters, H.L.'s younger half sisters.

A jury convicted Yanez on all counts and he was sentenced to a prison term of 15 years to life for the aggravated sexual assault plus six consecutive years on the other counts. The court imposed a $300 restitution fine (§ 1202.4), a $300 parole revocation fine (stayed; § 1202.45), and a $900 sex offender fine (§ 290.3). Yanez was given credit for 555 days of time served plus 83 days of conduct credit.

Yanez timely appealed. We appointed counsel to represent him on appeal, and after examination of the record counsel filed an opening brief raising no issues and asking this court to independently review the record. On March 20, 2015, we advised appellant he had 30 days within which to personally submit any contentions or issues he wished us to consider.

---

[1] All undesignated statutory references will be to the Penal Code.

Appellant filed a supplemental letter brief in which he contends both his trial and appellate attorneys had conflicts of interest and rendered ineffective assistance.

## DISCUSSION

### A. Ineffective Trial Assistance

Yanez contends his trial counsel was conflicted by other obligations—his son's graduation and a civil matter in another court, which led him to provide ineffective assistance. He contends counsel was ineffective in that he retained an underqualified paralegal to evaluate H.L.'s police interviews; based his trial strategy on this nonexpert's opinion; developed a trial strategy that gave credence to a theory discredited in "*People v. Bledsoe*";[2] gave faulty information to the jury; failed to follow Yanez's defense strategies; failed even to consult with Yanez on trial strategy; failed to investigate, prepare, or interview or call witnesses; failed to retain an FBI analyst or sheriff's deputy as an expert or to interview Yanez's "ex-girlfriend's boyfriend's boyfriend," "who 15 years prior, had faced an experience very similar to" Yanez's experience; failed to interview a former neighbor regarding the aggravated sexual assault count; failed to entertain plea offers; failed to follow Yanez's jury selection recommendations; failed to seek replacement of a juror who was caught sleeping or one who had overheard the prosecutor comforting H.L. in the bathroom after cross-examination; failed to inform Yanez of his rights or of the charges against him; failed to pursue evidence of persecution at the hands of H.L.'s mother's family; failed to insist on admission of non-edited recordings of the pretextual phone calls; and failed to petition for a writ of habeas corpus.

A claim that counsel was ineffective requires a showing by a preponderance of the evidence of objectively unreasonable performance by counsel and a reasonable probability that but for counsel's errors, the defendant would have obtained a more favorable result. (*In re Jones* (1996) 13 Cal.4th 552, 561.) The defendant must overcome presumptions that counsel was effective and that the challenged action might

---

[2] Yanez is presumably referring to *People v. Bledsoe* (1984) 36 Cal.3d 236, 247, which discussed rape trauma syndrome.

be considered sound trial strategy.  (*Ibid.*)  To prevail on an ineffective assistance claim on appeal, the record must affirmatively disclose the lack of a rational tactical purpose for the challenged act or omission.  (*People v. Majors* (1998) 18 Cal.4th 385, 403.)  "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  (*Strickland v. Washington* (1984) 466 U.S. 668, 697; accord, *In re Fields* (1990) 51 Cal.3d 1063, 1079.)

Yanez offers only one detail to support any of his contentions:  His defense counsel met with him only four times before trial, and missed five scheduled meetings.  He fails to explain how this number of meetings prejudiced him or how more would have helped.

No other specifics are provided.  Yanez fails to explain:  the content of the paralegal's analysis of H.L.'s police interviews or how it was deficient; how a trial strategy based on that report was ineffective; in what manner his counsel gave credence to any discredited theory; what faulty information was given to the jury; what his defense strategies or jury recommendations were; what further investigation was needed; who the neglected witnesses or experts were or what they would have said; what plea offers were rejected; or what rights or charges were unknown to him.  Some information about some of Yanez's complaints appears in the record, but to the extent it does, it contradicts Yanez's assertions.  For example, the trial transcript reveals that Yanez's counsel strongly pursued the theory that Yanez was being persecuted by H.L.'s mother's family; acceded to omission only of portions of the pretextual phone recordings that tended to show Yanez abused one of his daughters; and thoroughly investigated the juror who had overheard H.L. crying in the bathroom.  And Yanez himself acknowledged in open court that he had rejected the prosecution's plea offers.

And Yanez offers no explanation how these or any other purported deficiencies in his counsel's performance were objectively unreasonable or how a reasonable probability

4

exists that but for counsel's errors, he would have obtained a more favorable result. He ignores the latter issue.

From a close reading of the reporter's and clerk's transcripts on appeal, it does not appear Yanez's counsel provided ineffective assistance. Nor is it reasonably probable a different result would have been achieved had counsel done any or all of the things Yanez now argues he should have done. Accordingly, we reject his claim of ineffective assistance.

## B. Ineffective Appellate Assistance

Yanez contends his appellate counsel spent insufficient time—only 10 days—with his file, failed to petition for a writ of habeas corpus, and cannot effectively communicate with him because she resides in New York.

Whether any of this is true is irrelevant for our purposes, as we have examined the entire record and are satisfied that Yanez's appellate counsel has fully complied with the responsibilities set forth in *People v. Kelly* (2006) 40 Cal.4th 106, 109-110 and *People v. Wende* (1979) 25 Cal.3d 436, 441. No arguable issues exist.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

                                        CHANEY, acting P. J.

We concur:


        JOHNSON, J.


        BENDIX, J.<sup>*</sup>

---